IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IDEHEN AMAS IGBINOBA,           §
#72784425,                      §
                                §
            Plaintiff,          §
                                §
v.                              §        CIVIL ACTION NO. H-05-2226
                                §
DESSIE CHERRY,                  §
                                §
            Defendant.          §

## MEMORANDUM OPINION AND ORDER

Idehen Amas Igbinoba, an immigration detainee at the Corrections Corporation of America facility located at 15850 Export Plaza in Houston, Texas, has filed a suit against Warden Dessie Cherry pursuant to 42 U.S.C. § 1983. Igbinoba contends that he has been denied access to the courts, access to an upper bunk, and adequate visitation. After reviewing the plaintiff's allegations, the court will dismiss this action as frivolous.

## I.  Allegations

The plaintiff alleges that on April 22, 2005, Warden Cherry removed all of the law books and printed legal materials from the prison law library and installed computer terminals in their place. Consequently, all inmates must use the computers to find case and statutory law. The plaintiff complains that the inmates are

computer illiterate and are unable to conduct effective research using the technology available in the libraries.  The plaintiff alleges that he lost a court case due to the change in research tools available to him.

The plaintiff also complains that the upper bunks at the facility have no steps to facilitate climbing into or getting out of the bunks.  He alleges that some inmates are unable to use their beds and are forced to sleep on the floor.  The plaintiff contends that the denial of steps for the bunks constitutes cruel and unusual punishment.

In an additional complaint (Docket Entry No. 4), the plaintiff asserts that he has been denied contact visits with friends and family members.  He complains that this has harmed his relationships and that he is not being detained for any criminal acts.

The plaintiff requests damages and an injunction mandating a return of the law books to the library, steps providing access to the upper bunks, and the right to contact visits.

## II.  Analysis

Under the Constitution inmates have a right of access to the courts.  See Bounds v. Smith, 97 S.Ct. 1491, 1498 (1977).  However, inmates do not have a freestanding right to a law library, and there is no exclusive method to comply with the access-to-courts

guarantee.  Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996); Brooks v. Buscher, 62 F.3d 176, 181 (7th Cir. 1995).  See also Morrow v. Harwell, 768 F.2d 619, 623 (5th Cir. 1985) (access to the courts can be accomplished by means other than the provision of a law library).  Custodians cannot interfere in the filing of nonfrivolous legal claims challenging convictions or prison conditions. Johnson v. Rodriquez, 110 F.3d 299, 310-11 (5th Cir. 1997), citing Lewis, 116 S.Ct. at 2182.  However, they are not obligated to provide special assistance to inmates with limited intelligence or abilities.  See Bee v. Utah State Prison, 823 F.2d 397 (10th Cir. 1987).

Prisons and detention facilities may use computers to facilitate inmates' work on legal cases.  See, e.g., Bryant v. Muth, 994 F.2d 1082 (4th Cir. 1993).  Moreover, custodians are authorized to monitor and control the use of the computers.  See id. at 1087-88.  The warden has given the plaintiff access to a computer, and the plaintiff must take responsibility for learning how to use this research tool.  There is no allegation that the plaintiff cannot seek advice from other inmates on how to develop his skills.  See Sizemore v. Lee, 20 F.Supp.2d 956 (W.D. Va. 1998).

Moreover, the plaintiff must show how this change in resources has prevented him from filing or pursuing a legal action. MacDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998), citing Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).  Henthorn v.

<u>Swinson</u>, 955 F.2d 351, 354 (5th Cir. 1992), <u>citing</u> <u>Richardson v.</u>
<u>McDonnell</u>, 841 F.2d 120, 122 (5th Cir. 1988).

The plaintiff alleges he "lost his case at the court due to
the defendant's violation of his right of access to court by
removing from the law library every [sic] legal books and legal
materials the plaintiff (Igbinoba) was using to research his case."
<u>Memorandum</u>, Docket Entry No. 2, at page 4, ¶ 13.  Although the
plaintiff does not cite any cases filed with this court, this court
found two previous actions.  The first action was dismissed before
the alleged change in library resources.  <u>Igbinoba v. Immigration &</u>
<u>Naturalization Service</u>, No. H-04-3482 (S.D. Tex. Oct. 15, 2004).
The action was dismissed for want of prosecution because the
plaintiff had been released from the immigration detention center
and had not provided the court with a current address.  <u>Id</u>.  The
second action was filed two months after the first one was
dismissed.  <u>Igbinoba v. Immigration & Naturalization Service</u>,
No. H-04-4792 (S.D. Tex. <u>filed</u> Dec. 21, 2004).  On June 30, 2005,
the district court transferred the case to the United States Court
of Appeals pursuant to the REAL ID Act of 2005.

The plaintiff's conclusory allegations, viewed in light of the
court records, do not demonstrate that he was actually prevented
from filing a necessary pleading that resulted in the dismissal of
a court proceeding.  <u>See</u> <u>MacDonald</u>, 132 F.3d at 230-31.  Therefore,

there is no legal basis to his claims of denial of access to the courts.  Id.

There is also no basis regarding the plaintiff's allegation of denial of access to a bed.  The plaintiff complains that there are no steps to help inmates climb into their upper bunks.  He does not present any facts to show that officials have ignored a deprivation of a basic necessity or that this condition is inherently dangerous.  Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). What the plaintiff describes is a situation found at military installations and rustic summer camps.  Although an inmate has a right to basic necessities, he is not entitled to every convenience commonly available.  See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991), citing Rhodes v. Chapman, 101 S.Ct. 2392, 2400 (1981). Like any soldier or camper, the plaintiff will have to improvise a way of climbing into his upper bunk.

Finally, the lack of contact visitation does not violate the plaintiff's rights.  Thorne v. Jones, 765 F.2d 1270, 1274 (5th Cir. 1985) (holding detainees maintain no constitutional right to physical association), citing Block v. Rutherford, 104 S.Ct. 3227, 3234 (1984).  Courts have recognized that custodial officials have the authority to monitor, control, and restrict inmate visitations. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999).  Under certain circumstances officials may legitimately prohibit all visitation. Id.  Consequently, there is no legal basis to the plaintiff's

argument that denial of contact visits violates his constitutional rights.

The court is authorized to dismiss frivolous prisoner actions. 28 U.S.C. § 1915(e).  A complaint is frivolous if it lacks an arguable basis in law or fact.  McDonald v. Johnson, 139 F.3d 1056 (5th Cir. 1998); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).  This complaint has no merit and, therefore, will be dismissed as frivolous.

### III.  Application to Proceed In Forma Pauperis

The plaintiff's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.  However, the plaintiff is obligated to pay the entire filing fee ($250.00) under the provisions of 28 U.S.C. § 1915(b).  The Inmate Trust Fund for the Corrections Corporation of America is **ORDERED** to deduct 20% of each deposit made to the plaintiff's account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the fee has been paid.

### IV.  Conclusion and Order

The court **ORDERS** the following:

1.  The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2.  The CCA Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

-6-

3.    This action, filed by Inmate Idehen Amas Igbinoba #72784425, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

4.    The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; CCA Inmate Trust Fund, 1580 Export Plaza Drive, Houston, Texas 77032; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 29th day of August, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE